Lennox S. Hinds, Esq.
Stevens, Hinds & White, PC
42 Van Doren Ave.
Somerset, New Jersey 07887
732 873 3096

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Dkt. No.

LENUS GERME,
Plaintiff

COMPLAINT
and JURY DEMAND

v.

TOWNSHIP OF EDISON, EDISON POLICE CHIEF
THOMAS BRYAN, SGT. JASON GERBA, PTL. OFFICERS
SALVATORE CAPRIGLIONE, SCOTT SCOFIELD, AND JEFF
TIERNEY, SUPERVISING OFFICERS LT. J. GOTTLIEB,
LT. BUNTRY, and SGT. HUTH, and EDISON POLICE
DEPARTMENT MEMBERS "JOHN DOE" I-X,
individually and in their official capacities

PRELIMINARY STATEMENT

This is an action based on the violation of Plaintiff's civil rights brought under federal and New Jersey law based on the grossly excessive and unjustified use of force which was repeatedly inflicted on Plaintiff's person while he was being taken into custody and while he was in the custody of the Edison police.

JURISDICTION

1. This Court has jurisdiction over Plaintiff's federal civil rights claims brought under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1343, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's State law claim brought pursuant to the New

Jersey Civil Rights Act, N.J.S. 2: 6-2, under 28 U.S.C. § 1367.

## VENUE

2.  Venue is properly laid in the District of New Jersey, where the events sued on took place.

## PARTIES

3.  Plaintiff, LENUS GERME, is a citizen of the United States and a resident of New Jersey.

4.  Defendant TOWNSHIP OF EDISON is a municipal corporation organized under the laws of New Jersey. At the time of the incidents complained of, each of the individual defendants was employed by the Township of Edison, in its police department, and each was acting under the color of the laws of New Jersey based on his authority as a member of the Edison police department and in the course of his employment.

5.  Defendant THOMAS BRYAN, Chief of Police, was at all times mentioned herein the highest police official of the township of Edison, and as such was responsible for promulgating and for overseeing the implementation of the policies of the Township of Edison with respect to its police department's functions, either directly or by delegating responsibility, including but not limited to the training and supervision of Edison police officers in the proper use and restraint from using force, reporting excessive use of force by police officers, policies regarding the maintaining of a visual surveillance and recording of events inside Edison police stations, and the internal investigation by the Edison police department of allegations of misconduct by Edison police officers, and policies concerning he disciplining of police officers who use excessive force or fail to report the use of excessive forde..

6. Defendants Edison Police SGTs. HUTH and GERBA and JOHN DOEs III and IV were on May 20, 2008 Edison police officers, with the rank of Sergeant. Upon information and belief, responsible for supervising Defendants CAPRIGLIONE, SCOFIELD and TIERNEY and JOHN DOEs V-X, patrol officers of the Edison Police Department, when engaged together with these patrol officers in police work or when these officers were working under their supervision.

7. Defendants Edison Police LT. J. GOTTLIEB and LT. BUNTLEY, and JOHN DOEs I and II were police supervisors who, upon information and belief, on May 20, 2008 were responsible for the supervision of Defendants GERBA, CAPRIGLIONE, SCOFIELD, TIERNEY, and police officers JOHN DOE III-X.

8. Defendants SALVATORE CAPRIGLIONE, SCOTT SCOFIELD, and JEFF TIERNEY were at all times mentioned herein patrol officers employed by the Township of Edison in its Police Department.

9. Defendants JOHN DOEs III-X were at all times mentioned herein employed by the Township of Edison in its police department. The true names of these individuals are presently unknown to Plaintiff.

## FACTS

10. On May 20 2008, Defendant GERBA, allegedly responding to a domestic violence complaint, arrested Plaintiff.

11. Defendant GERBA alleged that Plaintiff attempted to take GERBA's service revolver. However, according to police reports of the incident, at the time Defendants TIERNEY, SCOFIELD, and CAPRIGLIONE arrived, Plaintiff was on his knees about 100 yards from the house where Defendant GERBA claimed the struggle over the

weapon had taken place, and Defendant GERBA was holding Plaintiff at gunpoint.

12. At Defendant GERBA's order, Plaintiff lay down on the ground.

13. Defendant TIERNEY handcuffed one of Plaintiff's wrists, but in a police report claimed that Plaintiff resisted having his other wrist cuffed.

14. Defendants TIERNEY, CAPRIGLIONE, and SCOFIELD, with Defendant GERBA either watching or participating, began raining blows on Plaintiff's person.

15. After Plaintiff was fully handcuffed, Plaintiff was transported to the Edison police station by Defendants TIERNEY, CAPRIGLIONE, and SCOFIELD, and GERBA .

16. Outside the police station, these Defendants put on leather gloves.

17. Anticipating being beaten again, Plaintiff was reluctant to exit the police car.

18. After removing Plaintiff from the police car, these Defendants beat on Plaintiff's head and body, bloodying his face.

19. Plaintiff was brought into the police station by DefendantsTIERNEY, CAPRIGLIONE, and SCOFIELD, and GERBA.

20. Inside the police station, Plaintiff was again beaten by these four police officers.

21. Plaintiff fell to the ground, and was then kicked down the stairs by one or more of these police officers, into the cell area.

22. Outside the cells, Plaintiff was again beaten by some or all of these four defendants, along with JOHN DOEs III-X.

23. Plaintiff was beaten so badly while in the cell area that he lost consciousness.

24. Plaintiff was transported by ambulance to Robert Wood Johnson Hospital for treatment of the injuries he sustained at the hands of Edison police officers.

25. Defendant J. GOTTLIEB signed as supervising officer the report of the taking of

Plaintiff into custody, which report acknowledged that the three police officers, in the presence of a sergeant, had responded to Plaintiff's alleged resistance to being handcuffed by raining blows upon him while he was lying on the ground.

26. Upon information and belief, neither Defendant Gottlieb nor any of the Defendant police officers who were present at the time of the arrest of Plaintiff or at the time of the later beatings reported the use of excessive force upon Plaintiff.

27. Plaintiffs physical injuries at the hands of the police and his prosecution on charges which were falsely made were the direct result of the de facto policies of Defendant TOWNSHIP OF EDISON, promulgated by its principle law enforcement policy maker, Defendant CHIEF OF POLICE BRYAN, including the failure to adequately investigate and monitor the use of force by police officers, failure to supervise and discipline police officers who were known to have used fore which should have been recognized as excessive, failure to supervise, investigate, monitor and discipline police officers who observed and did not report the use of excessive force by Edison police officers which they were aware of, failure to maintain video surveilliance and recording of the interior of the police station, failure to cause to be reviewed the video recordings of police officers using force in engaging in arrests and other use of force, and failure to investigate instance in which arrestees who had been injured during their arrests were charged with the use of force against police officers and these charges later were dismissed or the arrestees acquitted of these charges.

28. As a result of the use of force against him and the lodging of false charges against him, Plaintiff sustained serious physical and psychological injuries, some of which may be permanent, including but not limited to concussion, lacerations to his face and scalp, facial

swelling, swelling of the right eye, pain and edema to his elbow and knee, migraine headaches, toothaches, a swollen left shoulder, chest wall pain, and post-traumatic stress disorder, and was required to appear in court and defend against the false charges.

## AS A FIRST CAUSE OF ACTION

29. Defendants' actions and failure to act causing and contributing to the use of excessive force against Plaintiff violated Plaintiff's civil rights guaranteed by the Fourth and Fourteenth Amendments, for which redress is available under 42 U.S.C. § 1983.

30. Defendants knew or should have known of the violation of Plaintff's rights, and acted and failed to act so as to permit the violation of Plaintiff's rights intentionally and or recklessly and with deliberate indifference.

## AS A SECOND CAUSE OF ACTION

31. Plaintiff repeats and realleges as if stated here in full paragraphs 1-30 of this Complaint.

32. Defendants' actions and failure to act deprived Plaintiff of rights secured by the New Jersey Civil Rights Act, N.J.S. 2: 6-2.

Wherefore, Plaintiff respectfully requests that this Court grant Plaintiff compensatory damages on his causes of action against all Defendants in an amount to be determined by the trier of fact, and punitive damages against each individual defendant, in an amount to be determined by the trier of fact, together with reasonable attorneys fees and the costs of this action.

/s/
Lennox S. Hinds (LH-8196)
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable by jury.

/s/
Lennox S. Hinds (LH8196)
Attorney for Plaintiff

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Linus Germe

### DEFENDANTS
Township of Edison

(b) County of Residence of First Listed Plaintiff: Middlesex

County of Residence of First Listed Defendant: Middlesex

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Lennox S. Hinds, Esq.
Stevens, Hinds & White, PC
42 Van Doren Ave.
Somerset, N.J. 07887
732 873 3096

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. sec. 1983.

Brief description of cause:
excessive use of force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ not specified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE

DOCKET NUMBER

Explanation: none

DATE: 5/14/2010

SIGNATURE OF ATTORNEY OF RECORD: [signature]