# Dvorak & Associates, LLC
## Attorneys-at-Law

Lori A. Dvorak
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney



Warren E. Hare, Of Counsel
Marc D. Mory
Danielle Abouzeid
Paul A. Kaster

390 George Street. 8th Floor. New Brunswick, NJ 08901
Phone: (732) 317-0130.   Fax: (732) 317-0140.
www.dvorakandassociates.com

March 3, 2011

Hon. Esther Salas, U.S.M.J.
United States District Court, Newark
M.L. King Jr., Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** <u>**Germe, Lenus v. Edison Township, et al.**</u>
  **Civil Action No.: 2:10-cv-02528-PGS-ES**
  **Our File No.: 1075-1208**

Dear Magistrate Judge Salas:

In regard to the above-referenced matter, the undersigned represents defendant, Officer Capriglione. A motion for a Stay or for a Protective Order is presently returnable before your Honor on March 7, 2011. Pursuant to the briefing schedule, please accept the within letter brief in lieu of a more formal brief in reply to plaintiff's opposition.

Initially, it should be noted that plaintiff does not provide a numbered response denying any of this defendant's statement of facts. As plaintiff provides a "counter-statement" of facts in paragraph format, same is not amenable to admitting or denying same. Subject to this limitation, plaintiff's counter statement appears to be: (1) a recitation of the allegations of the complaint (¶ 1); (2) a summary of the facts upon which Officer Capriglione relies (¶ 2); and (3) a summary of the facts upon which Officer Sofield relies (¶ 3). As such, the facts underlying the within motion for a stay or, in the alternative, a protective order, appear to be undisputed.

In the within matter, plaintiff does not comment upon the "good cause" standard which must be satisfied. As such, under <u>Forrest</u>, if "good cause" exists, the Court may limit, bar or stay discovery. <u>Forrest v. Corzine</u>, ___ F.Supp2d ___, 2010 WL 4687810 (D.N.J. 2010). Defendant submits it has shown good cause for the issuance of a limited protective order or, in the alternative, a stay of these proceedings until further Order of this Court. While acknowledging a stay of a civil proceeding is an extraordinary remedy, the <u>Walsh</u> court affirmed the proposition that a stay may be entered when it is in the interests of justice. <u>Walsh</u>, 7 F.Supp.2d at 526.

**Dvorak & Associates, LLC**
Attorneys-at-Law

March 3, 2011
Page 2

As to each of the Walsh Securities factors, the following response is submitted:

1. As to factor 1, the extent to which the criminal and civil cases overlap, plaintiff submits that Mr. Sciarra's certification is the "sole evidence" of overlap. To assert same is simply wrong. In this regard, plaintiff has confirmed the existence of, and overlap of the federal investigation and must be estopped from denying the existence and scope of same. In plaintiff's report from K.E.Thornton, Ph.D., Dr. Thornton recounts:

   > Mr. Germe was referred for neuropsychological evaluation to assess for the cognitive consequences of a head injury which occurred when 6-8 Edison officers assaulted him on 5/20/08 following a conflict with ex-girlfriend.... He was charged with several counts of resisting arrest, aggravated assault and attempting to disarm an officer. **Two lie detector assessments were administered on Mr. Germe. One of the results indicated inconclusive results. He was told by an "aggressive" FBI agent, following a second assessment, that he had failed the test.**

   (Exhibit 5, redacted page 1 only of the Report of Dr. Thornton, emphasis added.) As the Court can see, plaintiff was interviewed by the FBI, and two polygraph tests were administered regarding the events of May 20, 2008. Pursuant to plaintiff's counter-statement of facts, this matter surrounds events of May 20, 2008. As such, the criminal investigation and the instant lawsuit involve the identical circumstances. Pursuant to Walsh, the similarity of the issues is the single "most important issue." Id. at 527. Defendant submits the issues are not just similar, but identical. As such, factor one favors defendant.

2. As to factor 2, the status of the case, the Walsh court found a stay of a parallel criminal investigation may be appropriate, *even absent an indictment.* Id. at 527. Just as the Court in Walsh entered a stay pre-indictment, defendant submits that entering a protective order or a stay in the within matter is equally appropriate.

   To the extent plaintiff proffers that pre-indictment, there is less risk of self incrimination (Pb at 8), the cited quotation does not appear in the Walsh decision at the cited page as represented by plaintiff. However, the Walsh court did acknowledge that "interrogatory and deposition discovery poses a substantial risk of self-incrimination." Walsh, 7 F.Supp.2d at 527. As such, defendant has made the within motion for a protective order with respect to responding to interrogatories and submitting to a deposition. Defendant submits factor 2 weighs in his favor and supports his application for a stay.

3. As to factor 3, the prejudice to plaintiff, as to the length of the stay, plaintiff complains the

**Dvorak & Associates, LLC**
Attorneys-at-Law

March 3, 2011
Page 3

stay will be indefinite. However, defendant acknowledges the inherent power of the court to modify and/or lift the stay as circumstances progress. No one can predict the future, and as such, plaintiff may move for any relief as is appropriate under the circumstances. Walsh, 7 F.Supp.2d at 529 (*citing* Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D.N.Y. 1985) (Furthermore, the *Hakim* court's concern about an indefinite stay may be alleviated by allowing the parties [to] petition the Court to lift or modify the stay if there is a change in circumstances warranting it.)) Defendant submits factor 3 weighs in his favor.

4. As to factor 4, burden on defendants, plaintiff argues "it is in no way unique." (Pb at 8). Just because the burden is "not unique," does not mean that the burden is insubstantial or inconsequential. As can be seen from plaintiff's admission as to the pendency of the criminal investigation (Exhibit 5) and as can be seen from defendant's proffer as to the active nature of the pending criminal investigation (Exhibit 1), defendant submits that it is in the interests of justice to grant a protective order as requested. As the Walsh Court commented, if a stay is denied, there is a "...strong potential for an unjust result..." Id. at 529. As such, factor 4 favors defendant's application.

5. As to factor 5, interest of the court, plaintiff's brief asserts that the Walsh court found against a stay where the duration of same was indefinite. (Pb at 9). However, same is misquoted. To be clear, the proposition upon which plaintiff relies is the matter of Hakim, decided by the Southern District of New York. 1993 WL 481335, at *2 (S.D.N.Y. 1993). The Walsh court acknowledged the existence of this rationale by stating "one court has concluded...". Walsh, 7 F.Supp.2d at 528. However, the Walsh court identified the further and overriding consideration that a Court has an interest in resolving a case efficiently, and acknowledged that the myriad of court interventions necessary to resolve disputes over the scope of asserted Fifth amendment privileges, allowed the court to conclude this factor weighed in favor of a stay. The Court held:

> ... the Court finds that the strong potential for an unjust result outweighs the efficiencies gained by allowing the case to proceed.

Walsh, 7 F.Supp.2d at 529. Accordingly, factor 5 weighs in favor of defendant.

6. As to factor 6, the public interest, plaintiff argues that there is a public interest in exposing police abuse. (Pb at 10). Since the subject matter of the criminal investigation and this suit are identical, defendant submits that this is exactly what the government is currently doing. As such, the Walsh court favored a stay since a stay "would benefit the public by allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity." Id. at 529. As such, factor 6 also favors defendant.

Dvorak & Associates, LLC
Attorneys-at-Law

March 3, 2011
Page 4

Based on the above, as well as plaintiff's inability to set forth any plausible reasons to overcome the good cause shown by defendant, it is respectfully submitted that the six Walsh factors support defendant's motion for a stay.

With respect to plaintiff's alternative argument that a partial stay would prejudice plaintiff, plaintiff is non-specific as to how continuing discovery would prejudice him and thus this argument is of no moment. Moreover, contrary to plaintiff's conclusory assertions, there are numerous areas of discovery that may continue. For example, discovery can continue as to plaintiff's damage claims. None of the defendants' testimony has any implication in this regard. As another example, discovery can continue in the form of document subpoenas to outside parties. Again, no protective order or limited stay as to defendant Capriglione has any impact on what documents are on file with a third party. Further, there are defendants who have not moved for a protective order or stay. Clearly discovery can proceed in this regard.

Defendant concedes that plaintiff's liability expert report should not be required until such time as the conclusion of the criminal investigation and the corresponding lifting of the requested protective order as to my client. Such an accommodation would be within the inherent power of the court to orderly manage discovery. Certainly, as can be seen from the examples above, there are areas of discovery which can be accomplished without prejudice to plaintiff. A consideration of a full stay is not necessary while there is still productive discovery which can presently be accomplished by the parties. Regardless, should the Court conclude that *any* further discovery would unduly prejudice plaintiff, in the alternative to the request for a protective order, defendant Capriglione consents to a full stay of the within matter.

Respectfully submitted,

/s/ *Lori A. Dvorak*
**LORI A. DVORAK**

cc: Lennox S. Hinds, Esq.
Christopher Killmurray, Esq.
Alan J. Baratz, Esq.
Patrick J. Bradshaw, Esq.
John J. Kane, Esq.
Lawrence Y. Bitterman, Esq.

Attached hereto as Exhibit "5" is a true redacted copy of page 1 only of the report of Dr. Thornton, served by plaintiff in the within matter. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

/s/ *Lori A. Dvorak*

# Exhibit 5

Ψ K. E. Thornton, Ph.D. *Center for Health Psychology*
2 Ethel Road, Ste203C, Edison, New Jersey 08817
Telephone 732-662-7458 Fax: 732-662-7460  NJ Lic.35S100168200
Web: chp-neurotherapy.com Email: ket@chp-neurotherapy.com

| | |
|---|---|
| DATE OF REPORT | November 24, 2010 |
| Mr. NAME: | Linus Germe |
| SEX: | Male |
| AGE: | 43 |
| HANDEDNESS: | Right |
| EDUCATION: | 12 |
| DATE OF EVALUATION | July-Nov, 2010 |
| DATE OF INCIDENT | 5/20/2008 |

**REASON FOR REFERRAL**

Mr. Germe was referred for neuropsychological evaluation to assess for the cognitive consequences of a head injury which occurred when 6-8 Edison police officers assaulted him on 5/20/2008 following a conflict with ex-girlfriend.

He was charged with several counts of resisting arrest, aggravated assault and attempting to disarm an officer. Two lie detectors assessments were administered on Mr. Germe. One of the results indicated inconclusive results. He was told by an "aggressive" FBI agent, following a second assessment, that he had failed the test.

REDACTED

1