NOT FOR PUBLICATION

| | |
|---|---|
| **LENUS GERME,** | **UNITED STATES DISTRICT COURT** |
| **Plaintiff,** | **DISTRICT OF NEW JERSEY** |
| **v.** | **Hon. Claire C. Cecchi** |
| **TOWNSHIP OF EDISON, et al.,** | **Civil Action No. 10-2528** |
| **Defendants.** | **OPINION** |

This matter comes before the Court upon motion by plaintiff Lenus Germe ("Plaintiff") for leave to file a second amended complaint to add allegations against defendants Officers Salvatore Capriglione ("Capriglione") and Scott Sofield ("Sofield"), the Township of Edison, and Edison Police Chief Thomas Bryan ("Bryan"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is **granted**.

## I. BACKGROUND

On May 17, 2010, Plaintiff filed a Complaint against the Township of Edison, Bryan, Sgt. Jason Gerba ("Gerba"), Capriglione, Sofield, Officer Jeff Tierney ("Tierney"), Supervising Officers Lt. J. Gottlieb, Lt. Buntry, and Sgt. Huth ("Huth") setting forth claims pursuant to 28 U.S.C. § 1983 and the New Jersey Civil Rights act in connection with the alleged use of excessive and unjustified force by certain Township of Edison officers while Plaintiff was arrested and in custody. On June 28, 2010, Plaintiff filed an Amended Complaint to add Officers Michael Dotro and Matthew Harris and Supervising Officer Lt. Krasvewski as defendants. In the Amended Complaint, Plaintiff alleges that Capriglione, Sofield, Tierney and Gerba

repeatedly beat Plaintiff during Plaintiff's arrest and while Plaintiff was in custody. Plaintiff also alleges that the Township of Edison and Bryan failed to adequately supervise those officers.

Plaintiff subsequently filed this motion to file a Second Amended Complaint. In the proposed Second Amended Complaint, Plaintiff seeks to add the following allegations: (1) that, "at the time of th[e] incident, Defendants CAPRIGLIONE and SOFIELD had consumed and were under the influence of steroids and hGC (human chorionic gonadotropin)" and (2) that Plaintiff's injuries were caused by the Township of Edison's and Bryan's "failure to monitor and control the use of steroids and hCG by police officers . . ." (Prop. Sec. Amend. Compl., ¶¶ 15, 28, ECF No. 32).

Sofield and Capriglione oppose the motion on the basis that the allegations of steroid use are irrelevant and, if allowed, will cause them undue prejudice. The Township of Edison, Bryan and Huth also oppose the motion because (1) the proposed allegations constitute "salacious, unproven, and irrelevant information," (2) evidence of the allegations would be inadmissible at trial, and (3) disclosure of the allegations "will very possibly be violative of [Sofield's and Capriglione's] privacy rights pursuant to Health Insurance Portability and Accountability Act (HIPAA)." (Township of Edison Br. 1-2, ECF No. 41).

## II.    STANDARD OF REVIEW

Amendments of pleadings are governed by FED. R. CIV. PRO. 15 and FED. R. CIV. PRO. 16. A motion to amend a pleading that is filed <u>before</u> the deadline for amendments of pleadings has passed in a RULE 16 Scheduling Order will be governed by RULE 15(a) only. Pursuant to RULE 15(a), after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave. The court should freely give leave when justice so requires.

RULE 15(a)(2).

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a liberal approach under to the amendment of pleadings RULE 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).  The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. *Foman v. Davis*, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Unfair prejudice is the most common factor used by courts to deny leave.  Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant.  Delay alone will not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (holding that mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay). Only where delay becomes " 'undue,' placing an unwarranted burden on the court, or ... 'prejudicial,' placing an unfair burden on the opposing party" is denial of a motion to amend appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant].").  Delay may become undue when there has been previous opportunity to amend the complaint. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) (finding that a three-year lapse between the filing of the complaint and the proposed

3

amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). In such cases, the Court must focus on the moving party's reasons for not amending the pleading sooner. *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).

A proposed amendment will be denied as futile if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d at 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

After the deadline in a court's Rule 16 Scheduling Order for amendments of pleadings has passed, however, a motion for leave to amend is governed by both Rule 15 and Rule 16. Rule 16(b)(4) provides that "[a Scheduling Order] may be modified only for good cause and with the judge's consent." As such, a party must first demonstrate "good cause" to amend the Rule 16 Scheduling Order in order to extend the deadline to amend pleadings. *Stallings v. IBM Corp.*, 2009 WL 2905471, at *15 (D.N.J. Sept. 8, 2009). Only once the party has shown sufficient "good cause" to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a). If the moving party is unable to demonstrate "good cause", the Court will deny the motion and will not proceed to a Rule 15 analysis.

**III.    DISCUSSION**

Pursuant to the September 14, 2010 Pretrial Scheduling Order, all motions to amend pleadings were to be returnable on or before December 22, 2010. (Order, ¶ 3, ECF No. 20) Plaintiff filed the instant motion on January 10, 2011.

Accordingly, Plaintiff is required to show "good cause" to amend the Pretrial Scheduling Order to extend the deadline to amend pleadings before the Court can address Plaintiff's motion for leave to amend under RULE 15(a). *See Stallings*, 2009 WL 2905471, at *15.

### 1.    There is good cause to amend the Pretrial Scheduling Order

The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. *Stallings*, 2009 WL 2905471, at *15 (*citing Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline.")); *Prime Ins. Syndicate v. United Risk Mgmt. Srvcs.*, 2006 WL 2085388, at *5 (D.N.J. July 25, 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against [the defendant] within the requisite deadlines. In fact, in Plaintiff's brief for this appeal, it acknowledges that it 'had knowledge of [the allegations] since October 2004.' "); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("This is most definitely not a motion in which any of defendant's six proposed new affirmative defenses arose from recent discovery in the case.").

Although Plaintiff cites only to RULE 15 and does not deliberately address whether "good cause" exists under RULE 16, Plaintiff nevertheless argues that he learned of facts giving rise to the proposed allegations from a news article that was published on December 12, 2010 and "which recently came to the attention" of Plaintiff's attorney. (Pl. Br. 3, ECF No. 32). Accordingly, even if Plaintiff learned of the existence of the article on the day it was published, Plaintiff could not have filed a motion to amend with a return date of December 22, 2010 since

said motion would have had to have been filed on or before November 28, 2010.[1]   Plaintiff therefore did not know of the facts giving rise to the proposed allegations prior to the deadline to file amendments.   Furthermore, it appears that Plaintiff filed his motion either immediately or shortly after learning of the existence of the article.   Accordingly, because Plaintiff filed his motion shortly after learning of the alleged facts giving rise to the proposed allegations, there is good cause under RULE 16 to amend the Pretrial Scheduling Order.

> 2.     **The proposed amendment should be allowed under RULE 15**

Applying the liberal approach to the amendment of pleadings pursuant to RULE 15(a), the proposed amendment should be granted because it will not cause undue prejudice to the defendants, is not for an improper motive, and is not futile.

"[P]rejudice must be 'undue' and rise to the level that the non-moving party would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Crocker v. Kooltronic, Inc.*, 2011 WL 689623, at *2 (D.N.J. Feb. 18, 2011).  To determine whether a party is unduly prejudiced, the Third Circuit has specifically looked to whether the amendment would result in additional discovery, cost, or preparation to defend against new facts or theories. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Here, none of the Defendants would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence as a result of the addition of the proposed allegations. The proposed amendment does not add new claims against the defendants, but only adds allegations regarding the circumstances of the existing claims.  Furthermore, while the existence of these circumstances (i.e. Sofield and Capriglione's alleged use of steroids) may or may not be necessary to prove Plaintiff's claims against Sofield and Capriglione, they are certainly relevant

---

[1] Pursuant to FED R. CIV. P. 7.1(c), a motion must be filed at least 24 days before it is returnable.

to those claims as pled.  The alleged use of steroids by Township of Edison officers also is directly relevant to Plaintiff's claim against the Township of Edison and Bryan for failure to properly supervise the Township of Edison officers.[2]

Moreover, the argument that the allegations "will only likely confuse the jury and predispose the factfinder to find against [the defendants]" is speculative and unconvincing. (Sofield Br. 4, ECF No. 34).  There is no reason to assume that a factfinder would not be able to separate whether excessive force was used with whether the officers took steroids.  Finally, with respect to the defendants' futility argument (Township of Edison Br. 1, ECF No. 41), the issue whether evidence relating to the use of steroids by Township of Edison officers will be admissible at trial is not one to be decided at this point, and is not one with bearing on this motion.  The same holds true for the defendants' concern that disclosure of the allegations might violate Sofield's and Capriglione's HIPAA rights.[3]

## IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to file a Second Amended Complaint is granted.

JOSEPH A. DICKSON, U.S.M.J.

---

[2] Furthermore, contrary to Sofield's position, the proposed allegations would not properly be subject to a motion to strike. *See Eisai Co. v. Teva Pharmaceuticals, USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009) ("Under the strict standard of Rule 12(f), only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken.") (internal quotation and citation omitted).

[3] If the Defendants believe that the disclosure of the proposed allegations will violate their HIPAA rights, they may file an appropriate motion to seal those allegations pursuant to L. Civ. R. 5.3.